**30**

**Robert JOHNSON, Petitioner–Appellant,**

v.

**Superintendent Brian FISCHER, Sing Sing Correctional facility, Eliot L. Spitzer, Attorney General of New York, Respondents–Appellees.**

No. 06–0855–pr.

United States Court of Appeals,
Second Circuit.

March 14, 2007.

Laura Lieberman Cohen, The Legal Aid Society, New York, NY, for Petitioner.

Frederick Wen, (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief, Megan P. Davis, of counsel) New York, NY, for Respondent.

PRESENT: Hon. WALKER, Hon. PETER W. HALL, Circuit Judges, Hon. DENISE COTE, District Judge.*

## SUMMARY ORDER

Petitioner–Appellant Robert Johnson ("Petitioner") appeals from a judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. Petitioner contends the New York Court of Appeals unreasonably applied clearly established Supreme Court law under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in concluding that although the trial court erroneously admitted into evidence the victim's out-of-court statement, the admission was harmless error. We assume the parties' familiarity with the factual background and procedural history of the case. After careful deliberation, we affirm for substantially the same reasons as did the District Court.

We review de novo the District Court's denial of a writ of habeas corpus. *Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner with respect to a claim that was adjudicated on the merits in the state court only if it finds the adjudication of the claim resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). An "unreasonable application" of Supreme Court precedent occurs when the State court's decision is not just "incorrect or erroneous" but "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

The New York Court of Appeals agreed with Petitioner that the trial court erroneously allowed the out-of-court victim's statement into evidence, but, acknowledging that the error may well have been a violation of the Confrontation Clause, concluded it was nonetheless harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. Looking at the record as a whole, we hold the New York court did not unreasonably apply *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in determining that the erroneous admission of the victim's out-of-court statement was harmless. *See Gutierrez v. McGinnis*, 389 F.3d 300, 306 (2d Cir.2004) (reviewing state court harmless error analysis for constitutional error to determine whether the court unreasonably applied *Chapman*). The evidence of Johnson's guilt, including evidence that the defendant was found by police officers gripping a bloody ice-pick at a forty-five degree angle while the victim, bleeding heavily from his left eye, pinned the defendant's arm against the wall, evidence that the victim, referring to the defendant, then yelled "he stabbed me," and medical evidence that the victim was stabbed not once, but twice, through the left eye with enough force to penetrate the victim's brain by an inch to an inch and a half, amply supported the conviction for assault with intent to cause serious bodily injury. In light of this evidence, we cannot conclude that the state court's application of *Chapman* was objectively unreasonable.

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.